IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

VERNON H. ANDREWS,

                                      Civil Action No.
                Plaintiff,        3:13-CV-1112 (LEK/DEP)

     v.

AMUSEMENTS OF AMERICA, *et al.,*

                Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:

VERNON H. ANDREWS, *Pro Se*
19 Burbank Avenue
Apartment 2
Johnson City, NY 13790

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

*Pro se* plaintiff Vernon H. Andrews has commenced this action against several defendants including a business, law firm, local attorney, and other individually named defendants whose connection with plaintiff's

claims is not clear from even a careful review of plaintiff's complaint. While no state agencies or employees are named as defendants, plaintiff's complaint is submitted on a form designed for use in asserting civil rights claims pursuant to 42 U.S.C. § 1983. At the time of commencement of this action plaintiff did not submit the required filing fee, and instead moved for leave to proceed in the case *in forma pauperis* ("IFP").

Plaintiff's complaint and accompanying IFP application have been forwarded to me for consideration. Based upon my review of those filings, plaintiff's request for leave to proceed IFP is denied as incomplete, and I recommend that his complaint be dismissed for failure to state a plausible claim, with leave to replead.

I. BACKGROUND

Plaintiff filed his complaint and accompanying application to proceed IFP on September 9, 2013. Dkt. Nos. 1, 2. As defendants, plaintiff's complaint names Amusements of America, Dennis Rowland, Debrah Rowland, Jack Goldberg, Bob Destefano, Jimmy Straights, Finkelstein & Partners, LLP, Paul Catalano, Esq., Rob Vivona, Vivona Brothers 1 through 4, and James Bear. Dkt. No. 1 at 1-6. Although plaintiff has identified Destefano as "Owner/Partner of Silver Dollar Shows," and Bear as "Manager," their identities are otherwise unclear from the face of plaintiff's

complaint. *Id.* Similarly, the identities of the other individual defendants are unknown at this time, and as discussed more completely below, the complaint fails to disclose the involvement of each of those defendants in the events giving rise to his legal claims. *See generally* Dkt. No. 1.

Even when construed liberally, the sparse factual allegations contained in plaintiff's complaint are incoherent. In the portion of plaintiff's form complaint that asks him to set forth the factual allegations giving rise to his claims, plaintiff states as follows:

> Work the show left after setup
> A lot of shows in the USA   35 states !

Dkt. No. 1 at 2. As for his first cause of action, plaintiff states, "All 50 States Not paying taxes[.]" Dkt. No. 1 at 7. The second cause of action reads, "No Med working [/] 120 hours a week[.]" *Id.* As for the third cause of action, plaintiff includes the following:

> There [sic] in charge and Try to make it look like I
> made the Jobs!
> 9060518    10-29-96
> G0276878  4-29-11
> G0508982  11-24-12
> I LLC I ALEXANDER & PAUL CATALANO[.]

*Id.* No other factual or legal assertions are included in the plaintiff's submissions. *See generally* Dkt. No. 1.

II. DISCUSSION

   A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]

Based upon my review of plaintiff's application, I conclude that it is incomplete, and that his motion for leave to proceed IFP cannot be granted at this time. Plaintiff's IFP application suggests that he is receiving Social Security disability and supplemental security income benefits. Dkt. No. 2 at 1. When asked to state the amount of those benefits, plaintiff wrote "$5.00," without specifying the frequency with which he receives those payments, and made a note just above the amount that reads, "Was a cup of coffee." *Id.* Plaintiff's IFP application also reflects that he receives other income from "[b]usiness, profession, or other self-employment," but does

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

4

not elaborate, and specifically does not state the amounts received, as directed in the IFP form utilized by the plaintiff. *Id.* Under these circumstances, I am unable to make a meaningful determination as to whether plaintiff qualifies for IFP status. Plaintiff's request for leave to proceed IFP is therefore denied, without prejudice to renewal.

    B.    Sufficiency of Complaint

        1.    Applicable Legal Standard

Ordinarily, the finding that plaintiff has failed to pay the statutory filing fee and has not demonstrated his entitlement to IFP status would end the court's discussion, and plaintiff, in light of his *pro se* status, would be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as discussed more completely below, I find that plaintiff's complaint fails to state a claim on which relief may be granted, 28 U.S.C. § 1915 directs that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

5

is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants,   *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).   However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.   *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).   "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'"   *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if

the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance.  Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of  Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

      2.    <u>Analysis of Plaintiff's Complaint</u>

As was previously noted, plaintiff used a form complaint designed for assertion of civil rights claims brought under 42 U.S.C. § 1983. Dkt. No. 1. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206,

8

225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

In this case, plaintiff's complaint fails to allege any facts plausibly suggesting that a nexus exists between the State of New York and the

challenged actions of the defendants, none of whom appear to be municipal employees, thus warranting dismissal of his complaint for failure to demonstrate a state action. *See generally* Dkt. No. 1.

Moreover, to the extent that plaintiff seeks damages under section 1983, his complaint must allege sufficient facts to plausibly suggest the personal involvement of each of the named defendants. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). In this case, there are no allegations that indicate how each of the defendants were involved in the events giving rise to this action, and indeed, each defendant is mentioned only once in the

complaint – in the sections requesting plaintiff to identify them. *See generally* Dkt. No. 1. Accordingly, plaintiff's complaint is subject to dismissal on this ground, as well.

Finally, as discussed above in part I of this report, plaintiff's complaint is largely unintelligible. Under the "facts" section of the form complaint, plaintiff alleges,

> Work the show left after setup
> A lot of shows in the USA   35 States !

Dkt. No. 1 at 2. Further on, under causes of action, plaintiff alleges, as the first cause of action, "All 50 States Not paying taxes[.]" *Id.* at 7. The second cause of action is equally incomprehensible, where it includes only the following allegation:

> No Med working
> 120 hours a week[.]

*Id.* The allegations giving rise to plaintiff's last cause of action are as follows:

> There [sic] in charge and Try to make it look like I made the Jobs!
> 9060518   10-29-96
> G0276878  4-29-11
> G0508982  11-24-12
> I LLC I ALEXANDER & PAUL CATALANO[.]

*Id.* The portion of the complaint indicating the relief sought is left blank. *Id.* at 8. Even liberally construed, plaintiff's complaint in this action fails to

allege facts that plausibly suggest a cognizable cause of action, arising under either section 1983 or otherwise. Indeed, it is difficult to discern the subject matter and context of plaintiff's action. Accordingly, I recommend that plaintiff's complaint in this action be dismissed.

### C. Whether to Grant Leave to Amend

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). In this case, while it is difficult to identify the claims plaintiff attempts to assert in his complaint, in the interest of justice, and in deference to his *pro se* status, I recommend that he be granted leave to amend.

In the event plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific

allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass*, 790 F.2d at 263. Finally, plaintiff is informed that any such amended complaint will replace the existing amended complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

IV. <u>SUMMARY AND RECOMMENDATION</u>

Because plaintiff's application for leave to proceed IFP in this action does not indicate the amounts he receives in Social Security benefits or the amount of income derived from other sources, I find that his application is incomplete. For that reason, the application is denied, without prejudice to renewal.

Turning to the merits of plaintiff's claims, I find that his complaint is legally deficient because it fails to identify the particular claims plaintiff seeks to assert in this case, as well as the relief sought, and the complaint fails to allege facts plausibly suggesting the existence of a cognizable cause of action. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is DENIED, without prejudice; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in its entirety, with leave to replead within thirty days from the date of any order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the *pro se* plaintiff in accordance with this court's local rules.

Dated: November 18, 2013
Syracuse, New York

*[signature]*

David E. Peebles
U.S. Magistrate Judge